**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW WEHNER, Individually and as a representative of a class of similarly situated persons, on behalf of the U.S. ROCHE 401(K) SAVINGS PLAN,<br><br>    Plaintiff,<br>v.<br><br>GENENTECH, INC., the U.S. ROCHE DC FIDUCIARY COMMITTEE,<br><br>    Defendants. | CASE NO. 3:20-cv-06894 RS<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION, AND SCHEDULING FAIRNESS HEARING** |

This Class Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, with respect to the U.S. Roche 401(k) Savings Plan ("Plan").[1] The terms of the Settlement are set out in the Settlement Agreement by counsel on behalf of the Class Representatives and all Class Members, and Defendants, respectively.

Pursuant to the Class Representatives' Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of a Class for Settlement Purposes, Approval of Form and Manner of Settlement Notice, Preliminary Approval of Plan of Allocation, and Scheduling of a Date for a Fairness Hearing filed on November 21, 2023, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement, and the matter having come before the Court on January 11, 2024, due notice having been given and the Court having been fully advised in the premises, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1. **Preliminary Certification of the Settlement Class.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class") for purposes of settling and resolving the Recordkeeping Claim (as defined below)[2]:

> All persons who participated in the Plan at any time during the Class Period (October 2, 2014 through the date the Preliminary Approval Order is entered by the Court), including any Beneficiary of a deceased person who participated in the Plan

---

[1] All capitalized terms not otherwise defined in this Preliminary Approval Order shall have the same meaning as ascribed to them in the Settlement Agreement.

[2] Pursuant to Plaintiff's and Defendants' stipulation on class certification, the certified class is limited to Plaintiff's remaining claim as a result of the Court granting in part and denying in part Defendants' motion to dismiss the Amended Complaint on June 14, 2021. (ECF No. 61.) Should Plaintiff appeal the Court's June 14, 2021 ruling successfully, the parties agreed the stipulation regarding class certification will not apply to Plaintiff's revived claims that were dismissed.

at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants, including the individual members of the Board of Directors of Genentech, Inc. and U.S. Roche DC Fiduciary Committee during the Class Period, and their Beneficiaries.

2. The Court finds for the purpose of settling and resolving the Recordkeeping Claim:

  a) as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

  b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

  c) as required under FED. R. CIV. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class that the Class Representatives seek to certify;

  d) as required by FED. R. CIV. P. 23(a)(4), the Class Representative will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Class Representative and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representative and the Settlement Class;

  e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Class Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

  f) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and

adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Class Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3. The Court preliminarily appoints Matthew Wehner as Class Representative for the Settlement Class, and Miller Shah LLP and Olivier & Schreiber LLP as Class Counsel for the Settlement Class.

4. **Preliminary Approval of Proposed Settlement.** The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

    a) The Settlement resolves Plaintiff's claims that Defendants breached their fiduciary duties under ERISA by causing the Plan to pay excessive recordkeeping and administrative fees (the "Recordkeeping Claim") and preserves Plaintiff's right to appeal his previously-dismissed claim that Defendants failed to appropriately monitor the Plan's investments and retained imprudent investments in the Plan (the "Investment Claim");

    b) The Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, and by Class Counsel on behalf of the Class Representatives and the Settlement Class, on the other hand;

    c) The Class Representatives and Class Counsel had sufficient information to evaluate the settlement value of the Class Action and have concluded that the Settlement is fair, reasonable, and adequate;

    d) If the Settlement had not been achieved, the Class Representatives and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

    e) The amount of the Settlement—two-hundred fifty thousand dollars ($250,000.00)—is fair, reasonable, and adequate, considering the costs, risks, and delay of litigation, trial, and appeal associated with the Recordkeeping Claim.[3] The fairness,

---

[3] The Court notes that Defendants will pay a portion of Administrative Expenses under the

reasonableness, and adequacy of the Settlement is also supported by the fact that the Settlement preserves Plaintiff's right to appeal the dismissal of the Investment Claim, which he has indicated his intention to do. The method of distributing the Net Settlement Amount is efficient, relying on Defendants' records, requiring no filing of claims for Current Participants, Beneficiaries, and Alternate Payees with Active Accounts, and requiring only a modest Former Participant Claim Form for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts. The Settlement terms related to litigation expenses do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Gross Settlement Amount is within the range of settlement values obtained in similar cases;

    f)    At all times, the Class Representatives and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

    g)    The proposed Plan of Allocation is fair, reasonable, and adequate.

5.    **Establishment of Qualified Settlement Fund.**  A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Qualified Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Qualified Settlement Fund shall be funded and administered in accordance with terms of the Settlement Agreement.[4] Defendants shall have no withholding,

---

Settlement.

[4] Pursuant to the Settlement Agreement, the Settlement Administrator shall maintain the Qualified Settlement Fund as an escrow account pending resolution of the Investment Claim and cause the Qualified Settlement Fund to be invested in appropriate securities consistent with the Settlement Agreement. This shall not prevent the Settlement Administrator from making disbursements from the Qualified Settlement Fund for approved purposes before the resolution of the Investment Claim.

reporting or tax reporting responsibilities with regard to the Qualified Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement Agreement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Qualified Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing the information necessary for settlement administration as set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Qualified Settlement Fund only in accordance with this Preliminary Approval Order or any additional Orders issued by the Court. The Qualified Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Qualified Settlement Fund in accordance with the Settlement Agreement; provided, however, that the Qualified Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Qualified Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Qualified Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Qualified Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Qualified Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Qualified Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Qualified Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Qualified Settlement

Fund itself and the Settlement Administrator as fiduciaries of the Qualified Settlement Fund. Reserves may be established for taxes on the Qualified Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating, and distributing the Qualified Settlement Fund and supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Qualified Settlement Fund. All accounts, books, and records relating to the Qualified Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Qualified Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Qualified Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Preliminary Approval Order, and any future orders that the Court may find it necessary to issue.

6. **Fairness Hearing.** A hearing is scheduled for June 13, 2024 to make a final determination concerning, among other things:

    a) Any objections from Class Members to the Settlement or any aspects of it;

    b) Whether the Settlement merits final approval as fair, reasonable, and adequate;

    c) Whether the Class Action should be dismissed with prejudice pursuant to the terms of the Settlement;

    d) Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

    e) Whether the proposed Plan of Allocation should be granted final approval; and

    f) Whether Class Counsel's application(s) for litigation expenses and a Case Contribution Award to the Class Representative are fair and reasonable, and should be approved.

7. **Settlement Notice.** The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement. The Court finds that such form of notice fairly and adequately:

    a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation;

    b) notifies Former Participants, Beneficiaries, and Alternate Payees without Active Accounts of how to submit a claim;

    c) notifies the Settlement Class that Class Counsel will seek litigation expenses from the Gross Settlement Fund, payment of the costs of administering the Settlement out of the Gross Settlement Fund, and a Case Contribution Award for the Class Representatives for their service in such capacity;

    d) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and

    e) describes how the recipients of the Settlement Notice may object to any of the relief requested.

8. **Settlement Administrator.** The Court hereby approves the appointment of Strategic Claims Services as the Settlement Administrator for the Settlement. The Court directs that the Settlement Administrator shall:

    a) By no later than <u>February 11</u>, 2024 , cause the Settlement Notice and Former Participant Claim Form, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through reasonable effort. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice and Former Participant Claim Form is returned and re-send such documents one additional time. In addition, for each Former

Participant, Beneficiary, and Alternate Payee who has not returned the Former Participant Claim form within seventy-five (75) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall send within ten (10) days thereafter a post card by electronic mail (if available) or first-class mail, postage prepaid, to such Class Members notifying them again of the deadline by which to submit the Former Participant Claim Form.

b)     By no later than February 11, 2024, cause the Settlement Notice to be published on the Settlement Website identified in the Settlement Notice, which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement.

c)     The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are the best notice practicable under the circumstances, and satisfy the requirements of Rule 23(c) and Due Process.

9.     **Petition for Litigation Expenses and Case Contribution Award.**  The Court notes that the Settlement Agreement indicates that Class Counsel does not intend to seek attorneys' fees in connection with the Settlement.  Any petition by Class Counsel for Litigation Expenses and a Case Contribution Awards to the Class Representative, and all briefs in support thereof, shall be filed no later than April 29, 2024.

10.     **Briefs in Support of Final Approval of the Settlement.**  Briefs and other documents in support of final approval of the Settlement shall be filed no later than April 29, 2024.

11.     **Objections to Settlement.**  Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Qualified Settlement Fund, or to the request for a Case Contribution Award for the Class Representatives.  An objector must file with the Court a statement of his, her, their, or its objection(s), specifying the reason(s), if any, for each such objection made,

including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s). The address for filing objections with the Court is as follows:

> Office of the Clerk
>
> United States District Court
>
> 450 Golden Gate Avenue
>
> San Francisco, CA 94102- 3489
>
> Re: *Wehner v. Genentech, Inc.*, Case No. 3:20-cv-06894 RS (N.D. Cal.)

The objector or his, her, their, or its counsel (if any) must file the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than May 14, 2024. If an objector hires an attorney to represent him, her, them, or it for the purposes of making an objection pursuant to this Paragraph, the attorney must also file a notice of appearance with the Court no later than  May 14, 2024. Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this Paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court no later than June 6, 2024. There shall be no reply briefs.

12. Any additional briefs the Settling Parties may wish to file in support of the Settlement shall be filed no later than June 6, 2024.

13. **Participation in Final Approval Hearing.** Any objector who files a timely, written objection in accordance with Paragraph 11 above may also participate in the Fairness Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to participate in the Fairness Hearing must file a notice of intention to participate (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than May 29, 2024. Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with this Paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

14. **Notice Expenses.** The expenses of printing, mailing, and publishing the Settlement Notice required herein shall be paid exclusively from the Qualified Settlement Fund, except to the extent to be paid by Defendants under the Settlement Agreement.

15. **Parallel Proceedings.** Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

16. **Class Action Fairness Act Notice.** The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

17. **Continuance of Final Approval Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be done by telephone or video conference.

**IT IS SO ORDERED.**

Dated: January 12, 2024

_____
Hon. Richard Seeborg
Chief United States District Judge