IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WEHNER, Individually and as a representative of a class of similarly situated persons, on behalf of the U.S. ROCHE 401(K) SAVINGS PLAN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GENENTECH, INC., the U.S. ROCHE DC FIDUCIARY COMMITTEE,<br><br>　　　　　　　Defendants. | CASE NO. 3:20-cv-06894 RS<br><br>**FINAL APPROVAL ORDER AND JUDGMENT AS TO THE RECORDKEEPING CLAIM** |

This Class Action came before the Court for hearing on June 13, 2024 to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approval of Form and Manner of Settlement Notice, Preliminary Approval of Plan of Allocation, and Scheduling of Date for a Fairness Hearing. Due notice having been given and the Court having been fully advised in the premises, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. The Court has jurisdiction over the subject matter of the Action and over all Parties, including all members of the Settlement Class.

2. For the sole purpose of settling and resolving the Recordkeeping Claim,[1] the Court certifies the Settlement Class pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure.[2] The Settlement Class is defined as:

> All persons who participated in the Plan at any time during the Class Period (October 2, 2014 through the date the Preliminary Approval Order is entered by the Court), including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants, including the individual members of the Board of Directors of Genentech, Inc. and U.S. Roche DC Fiduciary Committee during the Class Period, and their Beneficiaries.

3. The Court finds for the sole purpose of settling and resolving the Recordkeeping Claim:

    (a) as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

---

[1] All capitalized terms not otherwise defined in this Preliminary Approval Order shall have the same meaning as ascribed to them in the Settlement Agreement.
[2] Pursuant to Plaintiff's and Defendants' stipulation on class certification, the certified class is limited to Plaintiff's remaining claim as a result of the Court granting in part and denying in part Defendants' motion to dismiss the Amended Complaint on June 14, 2021. (ECF No. 61.) Should Plaintiff appeal the Court's June 14, 2021 ruling successfully, the parties agreed the stipulation regarding class certification will not apply to Plaintiff's revived claims that were dismissed.

(b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

(c) as required by FED. R. CIV. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class that the Class Representatives seek to certify.

(d) as required by FED. R. CIV. P. 23(a)(4), the Class Representatives will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Class Representatives and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representatives and the Settlement Class.

(e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4. The Court hereby appoints Matthew Wehner as Class Representative for the Settlement Class and Miller Shah LLP and Olivier & Schreiber LLP as Class Counsel for the Settlement Class.

5. The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for Litigation Expenses and a Case Contribution Award to the Class Representative, and the Plan of Allocation, such notice

having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through the dedicated Settlement Website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the claims procedure for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts and the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

6. The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a) The Settlement resolves Plaintiff's claims that Defendants breached their fiduciary duties under ERISA by causing the Plan to pay excessive recordkeeping and administrative fees ("Recordkeeping Claim") and preserves Plaintiff's right to appeal his previously dismissed claim that Defendants failed to appropriately monitor the Plan's investments and caused the Plan to retain imprudent investments ("Investment Claim");

(b) The Settlement was negotiated vigorously and at arm's length by Defense Counsel on the one hand, and by Class Counsel on behalf of the Class Representative and the Settlement Class on the other hand;

(c) The Class Representative and Defendants had sufficient information to evaluate the settlement value of the Action;

(d) If the Settlement had not been achieved, the Class Representative and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(e) The amount of the Settlement— two-hundred fifty thousand dollars ($250,000.00)—is fair, reasonable, and adequate, considering the costs, risks, and delay of trial and appeal associated with the Recordkeeping Claim. The fairness, reasonableness, and adequacy

of the Settlement is also supported by the fact that the Settlement preserves Plaintiff's right to appeal the dismissal of the Investment Claim, which he has done. The method of distributing the Net Settlement Fund is efficient and requires no filing of claims for Participants, Beneficiaries, and Alternate Payees with Active Accounts, and requires only a modest Former Participant Claim Form for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts. The Settlement terms related to Attorneys' Fees and expenses and case contribution awards to Class Representative do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Settlement Amount is within the range of settlement values obtained in similar cases;

(f) At all times, the Class Representative and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(g) There were no objections to the Settlement.

8. The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

9. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

10. The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Section 7 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the date of this Order. Accordingly, the Court orders that, as of the date of this Order, the Plan, the Class Representative, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Defendant Released Parties

from any and all Released Claims, whether or not any Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims; whether or not any Class Member has executed and delivered a Former Participant Claim Form; whether or not any Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses; and whether or not the objections or claims for distribution of any Class Member have been approved or allowed.

11. The Class Representative, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of Unknown Claims.

12. The Class Representative, the Class Members, and the Plan, acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims which include Unknown Claims.

13. Each Class Member hereby releases the Defendant Released Parties, Defense Counsel, Class Counsel, and the Plan for any claims, liabilities, and Attorneys' Fees and expenses arising from the allocation of the Settlement Fund or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14. Class Counsel is awarded Litigation Expenses in the amount of $5,000, excluding the costs of administration of the Settlement to which Defendant will contribute up to $50,000. The Court finds that the requested Litigation Expenses incurred by Class Counsel were reasonable and necessary in the prosecution of this litigation, such that payment of the requested litigation expenses is warranted.

15. The Class Representative is awarded $5,000.00 as a case contribution award for his representation of the Settlement Class.

16. The Court finds that the Litigation Expenses and the Class Representative's award are fair and reasonable based on the efforts undertaken by Class Counsel and the Class

Representative on behalf of the Settlement Class.

17. The Recordkeeping Claim is hereby dismissed with prejudice and without costs to any of the Parties and Defendant Released Parties other than as provided for in the Settlement Agreement.

18. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Approval Order, the Settlement Agreement, or the termination of the Settlement Agreement.

19. Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

20. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Approval Order shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and the Action shall revert to its status as of the day immediately before the day the Settlement was reached. The Settling Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

21. With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

22. Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Settlement Fund and the amount of such payment or contribution, and any other information as set forth in the

1  Settlement Agreement.

2        23.    Within sixty (60) calendar days following the completed distribution of the Net Settlement Fund, Plaintiff shall submit to the Court a post-distribution report. A template of such a report is attached herein or may be obtained from the Court's website.

      24.    Upon entry of this Final Approval Order, all Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Approval Order.

      25.    The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the settlement of the Action is **APPROVED** as fair, reasonable and adequate to the Plan and the Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement, other than steps associated with the distribution of settlement payments to Class Members, which shall occur after a final judgment is entered with respect to the Investment Claims.

      26.    The Court hereby enters judgment on the Recordkeeping Claim. Notwithstanding the reservation of jurisdiction in Paragraph 15 of this Final Approval Order, this is a final and appealable judgment that fully resolves the Recordkeeping Claim. The Clerk is directed to enter this judgment in the civil docket forthwith.

**SO ORDERED, ADJUDGED AND DECREED** this 18th day of June 2024.

_____
Hon. Richard Seeborg
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
cand.uscourts.gov

**Post-Distribution Accounting Form**

For guidance and instruction, please see
https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/

| | |
|---|---|
| Case Number (YY-xx-#####) | |
| Case Name | |
| Attorney Name | |
| Nature of Action | |
| Attorney Email | |
| Party Represented | |
| This is: | ◉ An interim post-distribution accounting. Not all settlement funds have been distributed.<br>◯ A final post-distribution accounting. All settlement funds have been distributed. |

| | | | |
|---|---|---|---|
| 1. Total settlement fund | $ | | |
| 2. Number of class members | # | | |
| 3. Number of class members to whom notice was sent and not returned as undeliverable | # | | |
| 4. Number of claim forms submitted | # | N/A | ☐ |
| 5. Percentage of claim forms submitted [=Q4/Q3] | % | N/A | ☐ |
| 6. Number of opt-outs | # | | |
| 7. Percentage of opt-outs [=Q6/Q3] | % | | |
| 8. Number of objections | # | | |
| 9. Percentage of objections [=Q8/Q3] | % | | |
| 10. Average recovery per claimant | $ | | |
| 11. Median recovery per claimant | $ | | |
| 12. Maximum recovery per claimant | $ | | |

| | |
|---|---|
| 13. Minimum recovery per claimant | $ |
| 14. Methods of notice to class members [1 or more], and percentage of success by method if known. Leave percentage blank if not known. | |

| | | | | | |
|---|---|---|---|---|---|
| ☐ 0.00% | Mail | ☐ 0.00% | Email | ☐ 0.00% | Text |
| ☐ 0.00% | Advertisement | ☐ 0.00% | Website | ☐ 0.00% | Other |

| | |
|---|---|
| 15. Methods of payment to class members [1 or more], and percentage of success by method if known. Leave percentage blank if not known. | |

| | | | | | |
|---|---|---|---|---|---|
| ☐ 0.00% | Direct Deposit | ☐ 0.00% | Gift Card | ☐ 0.00% | Paper Check |
| ☐ 0.00% | Wire | ☐ 0.00% | Payment App | ☐ 0.00% | Other |

| | | |
|---|---|---|
| 16. Number of checks not cashed | # | |
| 17. Total value of checks not cashed | $ | |
| 18. Amount of settlement funds claimed by class member | $ | N/A ☐ |
| 19. Amount of settlement funds distributed to class members | $ | |

| 20. Amounts distributed to each cy pres recipient | | Name | Amount |
|---|---|---|---|
| | 1. | | $ |
| | 2. | | $ |
| | 3. | | $ |
| | 4. | | $ |
| | 5. | | $ |
| | 6. | | $ |
| | 7. | | $ |
| | 8. | | $ |
| | 9. | | $ |
| | 10. | | $ |

| | |
|---|---|
| 21. Administrative costs | $ |
| 22. Attorneys' fees | $ |
| 23. Attorneys' costs excluding expert costs | $ |
| 24. Expert costs | $ |

| | |
|---|---|
| 25. Attorneys' fees in terms of percentage of the settlement fund | % |
| 26. Plaintiffs' counsel's final lodestar total | $ |
| 27. Lodestar multiplier [# x.y] | # x.y |
| 28.     Describe any potential fraud issues encountered, the likely causes, and how they were addressed | |
| | |
| 29. Number of class members availing themselves of nonmonetary relief | # |
| 30. Aggregate value redeemed | $ |

Continued on next page.

| |
|---|
| 31. Where injunctive and or other non-monetary relief has been obtained, discuss the benefit conferred on the class. |
|  |
| 32. Other notes and issues required to be addressed by judge's standing order. |
|  |

End of form.